**THE WEISS LAW GROUP, LLC**
Brett Weiss, #02980
8843 Greenbelt Road, Box 299
Greenbelt, Maryland 20770
Telephone:     (301) 924-4400
Facsimile:      (240) 627-4186
brett@BankruptcyLawMaryland.com

*Counsel to the Debtors*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| In re:<br><br>**DONNA M. COLEMAN** *and*<br>**MARCELO P.L. DESSIN,**<br><br>    *Debtors.* | Bankruptcy No. 24-12058 LSS<br><br>Chapter 13 |
| **DONNA M. COLEMAN** *and*<br>**MARCELO P.L. DESSIN**,<br><br>    *Plaintiffs,*<br><br>vs.<br><br>**INTERNAL REVENUE SERVICE**<br>Department of the Treasury<br>Washington, DC 20224<br><br>Serve: Erek L. Barron<br>       U.S. Attorney for the District of<br>         Maryland<br>       6406 Ivy Lane, Suite 800<br>       Greenbelt, MD 20770<br><br>       Danny Werfel, Commissioner<br>       Internal Revenue Service<br>       1111 Constitution Avenue NW<br>       Washington, DC 20224 | Adversary No.: _____ |

| | |
|---|---|
| Merrick Garland<br>U.S. Attorney General<br>Department of Justice<br>950 Pennsylvania Avenue NW<br>Washington DC 20530<br><br>*Defendant.* | |

**DEBTORS' ADVERSARY COMPLAINT TO AVOID
AND RECOVER PREFERENTIAL TRANSFER**

**NOW COME** the Debtors and Plaintiffs Donna M. Coleman and Marcelo P.L. Dessin, by and through above stated counsel, and hereby sue the Defendant to avoid and recover preferential payments made to it during the 90 days prior to the filing of the within case. In support, the Debtor respectfully states as follows:

### *Jurisdiction and Venue*

1. This Court has jurisdiction over this Chapter 13 Case and this Adversary Complaint pursuant to 28 U.S.C. §§ 157 and 1334. Pursuant to 28 U.S.C. § 157(b)(2), this is a core proceeding. Venue is proper in this District pursuant to 28 U.S.C. § 1409 because the underlying bankruptcy case is pending in this court. To the extent this Court may lack the authority to enter a final judgment in this matter pursuant to the holdings in *Stern v. Marshall*, 564 U.S. 462, 131 S.Ct. 2594 (2011) and *Wellness International Network, Ltd. v. Sharif,* 575 U.S. 665, 135 S. Ct. 1932 (2015), and pursuant to Rule 7008(a), Plaintiffs consent to this Court's entry of a final judgment.

2. The statutory and legal predicates for the relief requested herein are 11 U.S.C. (hereinafter, "Code") §§ 105, 362, 522, 541, 542, 547, and 1303.

### *Parties*

3. Donna M. Coleman ("Ms. Coleman") and Marcelo P.L. Dessin ("Mr. Dessin") are spouses and the Debtors/Plaintiffs herein.

4. The Internal Revenue Service ("IRS") is an agency of the U.S. Government and a creditor/Defendant herein.

THE WEISS LAW
GROUP, LLC
8843 GREENBELT RD. #299
GREENBELT, MD 20770
(301) 924–4400

5. Axiom Global, Inc. ("Axiom") is Ms. Coleman's employer, and the recipient of an IRS levy on Ms. Coleman's wages.

6. Rebecca Herr is the Chapter 13 Trustee herein.

### *Background*

7. Prior to the filing of the within case, the Debtors became obligated to the IRS for a substantial amount of federal income taxes (the "Tax Obligation"), largely on account of imputed income resulting from a forgiven second mortgage on their residence. On September 21, 2022, the IRS served upon Axiom, Ms. Coleman's employer, a Notice of Levy on Wages (the "Levy"). A copy of the Levy is attached and incorporated herein as Exhibit #1. Pursuant to the Levy, Axiom, as it is legally required, began withholding monies from Ms. Coleman's paychecks. The Levy was modified to provide that it would apply to wages above a particular amount, as indicated in the Release of Property attached and incorporated herein as Exhibit #2.

8. Pursuant to the Levy, during the 90-day period preceding the filing of this case, December 13, 2023, to March 12, 2024, Axiom transferred, to or for the benefit of the IRS, a total of $26,130.00 in Ms. Coleman's wages (collectively, the "Transfer").

9. On March 12, 2024 (the "Petition Date"), the Debtors filed for relief under Chapter 13 of the Bankruptcy Code.

### *COUNT I—PREFERENTIAL TRANSFER*

10. Code § 547(b) states:

Except as provided in subsections (c) and (i) of this section, the trustee[1] may, based on reasonable due diligence in the circumstances of the case and taking into account a party's known or reasonably knowable affirmative defenses under subsection (c), avoid any transfer of an interest of the debtor in property—

(1) to or for the benefit of a creditor;

(2) for or on account of an antecedent debt owed by the debtor before such transfer was made;

(3) made while the debtor was insolvent;

---

[1] The Chapter 13 Trustee has authorized the Debtors to pursue the within Complaint on her behalf.

THE WEISS LAW GROUP, LLC
8843 GREENBELT RD. #299
GREENBELT, MD 20770
(301) 924–4400

– 3 –

(4) made—

(A) on or within 90 days before the date of the filing of the petition; or

(B) between ninety days and one year before the date of the filing of the petition, if such creditor at the time of such transfer was an insider; and

(5) that enables such creditor to receive more than such creditor would receive if—

(A) the case were a case under chapter 7 of this title;

(B) the transfer had not been made; and

(C) such creditor received payment of such debt to the extent provided by the provisions of this title.

11. The Transfer occurred during the 90 days per-petition (between December 13, 2023, and March 12, 2024, referred to as the "Preference Period"), and falls under the definition of a preferential payment under this section because:

(1) The Transfer was for or on account of an unsecured antecedent debt owed by Ms. Coleman to the IRS before the Transfer was made.

(2) At the time of the Transfer, Ms. Coleman was insolvent.

(3) The Transfer enabled the IRS to receive more than it would receive if such transfer had not been made and the Creditor received payment of its debt to the extent provided by the provisions of Chapter 7;

(4) The Transfer was neither voluntary, nor did the Debtor conceal any of the property involved; and

(5) In accordance with applicable law, the Debtor could claim as exempt some or all of the Transfer if avoided and recovered.

12. Ms. Coleman's paystubs for this period are collectively attached hereto as Exhibit #3, and they show a total of $26,130.00 having been paid to the IRS pursuant to "Federal Tax Levy" during the Preference Period.

13. Because the entitlement to recover preferential payments is an asset of the estate pursuant to Code § 542, any party in possession, custody, or control of property of the Estate must turn over and deliver such property or the value thereof to the Debtors.

14. These Funds are of significant value and benefit to the Debtor, the Estate, and its creditors.

15. The within complaint is based on reasonable due diligence in the circumstances of the case and taking into account a party's known or reasonably knowable affirmative defenses under Code § 547(c).

## *Conclusion*

**WHEREFORE,** the Debtors respectfully requests that the Court:

A. Find that the Transfer constitutes a preference;

B. Find that the Transfer is property of the Estate; and

C. Order that the IRS immediately turn over the Transfer to the Debtors; and

D. Order such other and further relief as the Court deems just and proper.

Date: June 13, 2024  Respectfully Submitted,

THE WEISS LAW GROUP, LLC

By: _____/s/ Brett Weiss_____
       BRETT WEISS

THE WEISS LAW GROUP, LLC
8843 GREENBELT RD. #299
GREENBELT, MD 20770
(301) 924–4400